Filed 6/2/21  In re Ashley A. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re ASHLEY A. et al., Persons Coming Under the Juvenile Court Law. | B307683<br><br>(Los Angeles County Super. Ct. No. 20CCJP01419A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JHON A.,<br><br>      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Annabelle Cortez, Judge.  Dismissed.

Jesse F. Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

In August 2020, having sustained an amended petition under Welfare and Institutions Code section 300, the juvenile court declared the children, Ashley A. and Kenny A., dependents of the court, removed them from their father, Jhon A., and released them to their mother. Jhon filed this appeal challenging the removal order.

On March 1, 2021 the juvenile court terminated its jurisdiction with an order that awarded sole physical custody of the children to their mother and joint legal custody to her and Jhon. The court stayed its order terminating jurisdiction pending receipt of a proposed juvenile custody order, which the court received, signed, and filed on March 8, 2021. Jhon did not appeal from the order terminating jurisdiction.

"An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot. [Citations.] '[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'" (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; see *In re J.P.* (2017) 14 Cal.App.5th 616, 623 [a dependency ""'appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief"'"]; *In re E.T.* (2013) 217 Cal.App.4th 426, 436 ["[a]n appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to

grant effective relief"].) Generally, on appeal from an earlier order of the juvenile court, "an appeal from the orders terminating jurisdiction and awarding custody is necessary for this court to be able to provide effective relief. Unless the appellate court reverses or vacates the order terminating dependency, the juvenile court has no jurisdiction to conduct further hearings in the now-closed case, including modification of its custody order." (*In re Rashad D.*, at p. 164; see Welf. & Inst. Code, § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].)

On May 13, 2021 we notified the parties that, because the juvenile court's order terminating jurisdiction in this case is final, it appears we can provide no effective relief in this appeal. (See *In re Rashad D.*, *supra*, 63 Cal.App.5th at pp. 164-165 ["because the juvenile court terminated its jurisdiction over [the child] and that termination is final, a remand for further proceedings in the juvenile court would be meaningless"].) We advised Jhon we intended to dismiss the appeal as moot unless he established in a written submission that we should not. Jhon did not respond. We therefore dismiss the appeal as moot.


SEGAL, J.

We concur:


PERLUSS, P. J.          FEUER, J.


3